IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| DENIS G. MELLO,<br><br>                  Plaintiff,<br><br>        vs.<br><br><br>YOUNG BROTHERS, LTD., et al.<br><br>                  Defendants. | CIV. NO. 15-00222 JMS-KSC<br><br>ORDER GRANTING DEFENDANTS LEVI C. RITA DBA LAZY L RANCH, AND SHELBY RIVERA'S MOTION TO DISMISS FIRST AMENDED COMPLAINT, ECF NO. 42 |

**ORDER GRANTING DEFENDANTS LEVI C. RITA DBA LAZY L RANCH, AND SHELBY RIVERA'S MOTION TO DISMISS FIRST AMENDED COMPLAINT, ECF NO. 42**

## I.        INTRODUCTION

In this action, Plaintiff Denis G. Mello ("Mello" or "Plaintiff") invokes this court's admiralty jurisdiction after he was injured by a bull (the "Bull") that had escaped on Pier 39 in Honolulu Harbor.  Mello alleges that Levi C. Rita dba Lazy L Ranch ("Rita") and his employee Shelby Rivera ("Rivera") (collectively, the "Ranch Defendants") are liable for his injuries as the consignee of the Bull.  He also alleges that either Young Brothers, Ltd. ("YB") or Saltchuk Resources, Ltd. ("Saltchuk") is liable as possible owners of the Doe Barge (the

"Barge") that brought the Bull to Pier 39.  Mello has further named the Barge itself

as an additional Defendant.

Currently before the court is the Ranch Defendants' Motion to

Dismiss Plaintiff's First Amended Complaint ("FAC") for lack of subject matter

jurisdiction.[1]  Based on the following, the court GRANTS the Ranch Defendants'

Motion to Dismiss without leave to amend.

## II.   BACKGROUND

### A.   Factual Background

Mello claims that on June 15, 2013, the Barge (owned and operated

by "a party or parties yet unknown") brought the Bull to Honolulu Harbor.  ECF

No. 10, FAC ¶¶ 1, 16, 73-77.  Rita, a sole proprietor who operates a ranch, was the

consignee of the Bull, *id.* ¶¶ 24-25, while Rivera, Rita's employee, was responsible

for receiving and transporting the Bull, *id.* ¶ 26.  Mello alleges that either YB or

Saltchuk was responsible for the discharge and unloading of the Bull onto the

maritime facilities at Pier 39.  *Id.* ¶¶ 6, 8-9, 56-58.

---

[1] YB and Saltchuk (collectively, the "Barge Defendants") were served but have not appeared in this action.

Rivera, or another of Rita's employees, brought a cattle trailer to the pier to contain and transport the Bull after its offloading from the Barge. *Id.* ¶ 59. Plaintiff alleges that the cattle trailer was broken and that Rita and Rivera had knowledge of the trailer's defect. *Id.* ¶ 60. As a result of the cattle trailer's broken condition, the Bull escaped from the trailer. *Id.* ¶ 65.

Mello was employed by YB as a longshoreman at Honolulu Harbor. *Id.* ¶¶ 45-46. After learning that the Bull had escaped and was running loose on the pier, Mello was seriously injured by the Bull when he attempted to help keep the Bull from harming others. *Id.* ¶¶ 47-48. The Bull caused injuries to Mello's head, neck, lower back, left shoulder, hips, and pelvis. *Id.* ¶ 49. Mello further claims that he suffered emotional distress, depression, insomnia, and anxiety as a result of his encounter with the Bull. *Id.* Mello subsequently received workers' compensation benefits under the Longshore and Harbor Workers' Compensation Act, 33 U.S.C. § 901 et seq. ("LHWCA") from Signal Mutual Indemnity Association. *Id.* ¶¶ 28, 50.

**B.    Procedural Background**

The FAC alleges the following claims against all Defendants: (1) strict liability; (2) general negligence; (3) gross negligence; (4) negligent

infliction of emotional distress; (5) res ipsa loquitur; (6) punitive damages; and

(7) "damages." The FAC alleges a claim of "respondeat superior" against Rita.

Finally, the FAC alleges that the Barge and its owner are liable for breaching a

currently unrecognized "duty to intervene" under Section 905(b) of the LHWCA,

and for general negligence under that same statute.

The FAC asserts the following bases of federal jurisdiction: diversity

jurisdiction under 28 U.S.C. § 1332;[2] admiralty jurisdiction under 28 U.S.C.

§ 1333; federal question jurisdiction under 33 U.S.C. § 905(b); and supplemental

jurisdiction under 28 U.S.C. § 1367(a).

On June 24, 2016, the Ranch Defendants filed their Motion to

Dismiss. ECF No. 42. Plaintiff filed his Memorandum in Opposition to the

Motion on July 15, 2016. ECF No. 45. On August 23, 2016, the Ranch

Defendants filed their Reply. ECF No. 47. The court held a hearing on the Motion

on October 3, 2016.

///

///

---

[2] At the October 3, 2016 hearing, Plaintiff conceded that the FAC did not properly allege diversity jurisdiction.

### III.   STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(1) authorizes a court to dismiss

claims over which it lacks proper subject matter jurisdiction.  The court may

determine jurisdiction under Rule 12(b)(1) so long as "the jurisdictional issue is

[not] inextricable from the merits of a case."  *Kingman Reef Atoll Invs., L.L.C. v.*

*United States*, 541 F.3d 1189, 1195 (9th Cir. 2008).  The moving party "should

prevail [on a motion to dismiss] only if the material jurisdictional facts are not in

dispute and the moving party is entitled to prevail as a matter of law."  *Casumpang*

*v. Int'l Longshoremen's & Warehousemen's Union*, 269 F.3d 1042, 1060-61 (9th

Cir. 2001) (citation and quotation marks omitted); *Tosco Corp. v. Cmtys. for a*

*Better Env't*, 236 F.3d 495, 499 (9th Cir. 2001).

"A Rule 12(b)(1) jurisdictional attack may be facial or factual."  *Safe*

*Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004).  In a facial attack

such as the case here, the court may dismiss a complaint when its allegations are

insufficient to confer subject matter jurisdiction.  When the allegations of a

complaint are examined to determine whether they are sufficient to confer subject

matter jurisdiction, all allegations of material fact are taken as true and construed

in the light most favorable to the nonmoving party.  *Fed'n of African Am.*

*Contractors v. City of Oakland*, 96 F.3d 1204, 1207 (9th Cir. 1996).  In such a facial attack on jurisdiction, the court limits its analysis to the allegations of and the documents attached to the complaint.  *See Savage v. Glendale Union High Sch. Dist. No. 205*, 343 F.3d 1036, 1039 n.2 (9th Cir. 2003).

## IV.   <u>DISCUSSION</u>

Mello alleges that this court has admiralty jurisdiction over his various tort claims because of the "location of the incident, coupled with the activity that was going on at the time of the incident[.]"  FAC ¶ 34.  Mello further contends that this court has federal question jurisdiction under 33 U.S.C. § 905(b), as well as supplemental jurisdiction over those claims that arise under Hawaii state law.  The court disagrees.

As explained below, because the Ranch Defendants' tortious acts did not occur on navigable water, and no vessel on navigable water otherwise caused the injury, this court lacks admiralty jurisdiction over Mello's claims against the Ranch Defendants.  Furthermore, Mello fails to state a federal claim against the Barge or the Barge Defendants; as such, this court may not exercise supplemental jurisdiction under 28 U.S.C. § 1367(a) over Mello's state law claims.  The court therefore lacks subject matter jurisdiction.

## A.    No Admiralty Jurisdiction

District courts have exclusive, original jurisdiction over admiralty

claims pursuant to 28 U.S.C. § 1333(1).  *Ali v. Rogers*, 780 F.3d 1229 (9th Cir.

2015), articulates the test for admiralty jurisdiction over a tort claim:

> Tort claims may sound in admiralty jurisdiction if they satisfy a
> test with three components showing that the claim has the
> requisite maritime flavor.  *Christensen v. Georgia-Pac. Corp.*,
> 279 F.3d 807, 814 (9th Cir. 2002).  *The relevant tort or harm*
> *must have (1) taken place on navigable water (or a vessel on*
> *navigable water having caused an injury on land),* (2) "a
> potentially disruptive impact on maritime commerce," *and* (3) a
> "substantial relationship to traditional maritime activity."
> *Jerome B. Grubart, Inc. v. Great Lakes Dredge & Dock Co.*,
> 513 U.S. 527, 534, 115 S. Ct. 1043, 130 L. Ed.2d 1024 (1995).
> We look at a tort claim's general features, rather than at its
> minute particulars, to assess whether there is the requisite
> connection; thus, for instance, when a crane on a river barge
> flooded a tunnel, the Supreme Court spoke of "damage by a
> vessel in navigable water to an underwater structure," and when
> two girls were thrown off a Sea-Doo into San Diego's Mission
> Bay, the Ninth Circuit described the incident as "harm by a
> vessel in navigable waters to a passenger."  *Id.* at 539, 115 S.
> Ct. 1043; *Mission Bay Jet Sports,* 570 F.3d [1124,] 1129 [(9th
> Cir. 2009)].

*Id.* at 1235 (emphases added).

Mello's theory against the Ranch Defendants is that they acted

negligently when they brought a cattle trailer that they knew was broken to the pier

to contain and transport the Bull, and the broken cattle trailer caused the Bull's

rampage and Mello's resulting injuries.  FAC ¶¶ 59-67, 71-72, 98-100, 104-12.

But Mello does not dispute that the alleged tort, and the resulting harm, occurred

on land and not on navigable water.  Further, the broken cattle trailer does not

constitute an injury caused by a vessel, nor are any other facts alleged indicating

that a vessel caused the accident.  No tort or harm has "taken place on navigable

water" and no "vessel on navigable water [has] caused an injury on land."  *Ali*, 780

F.3d at 1235.  This court therefore lacks admiralty jurisdiction over Mello's claims

against the Ranch Defendants.

Plaintiff argues for a "good faith extension of the holding in *Gutierrez*

*v. Waterman S.S. Corp.*, 373 U.S. 206 (1963) to the facts of this case."  ECF No.

45, Pl.'s Opp'n at 3.  *Gutierrez* held that federal courts have admiralty jurisdiction

when "it is alleged that the shipowner commits a tort while or before the ship is

being unloaded, and the impact of which is felt ashore at a time and place not

remote from the wrongful act."  *Id.* at 210 (footnote omitted).  In *Gutierrez*, a

longshoreman brought an action against a vessel after slipping on loose beans on

the dock.  *Id.* at 207.  The beans had been packed "in broken and defective bags . . .

which broke open during unloading."  *Id.*  The Court held that the vessel had

breached its duty to provide a seaworthy ship and gear, which included cargo

containers.  *Id.* at 214-15.  But Mello has failed to allege any facts to even arguably

bring his Complaint within the scope of *Guttierez*.  That is, he has not alleged that

the Barge's owner breached its duty to provide a seaworthy ship and gear --

instead, he alleges that the Ranch Defendants provided a defective trailer.

**B.      No Federal Question Jurisdiction**

Although the FAC alleges two claims under 33 U.S.C. § 905(b)

against the Barge Defendants, those claims plainly fail.  Section 905(a) provides

that compensation under the LHWCA is an exclusive remedy available to injured

maritime workers.  As an exception to this exclusive remedy, injured maritime

workers may bring an action against the vessel under 33 U.S.C. § 905(b) for

injuries caused by certain types of negligence on the part of the vessel.  *See*

*Rodriguez v. Bowhead Transp. Co.*, 270 F.3d 1283, 1286 (9th Cir. 2001).

*Rodriguez* explained that maritime workers "are limited in the types of negligence

for which they can sue shipowners or charterers" to instances in which the vessel:

> (1) does not warn the stevedore of hidden danger which would
> have been known to [the vessel owner] in the exercise of
> reasonable care; (2) actively involves itself in the cargo
> operations and negligently injures a longshoreman; (3) fails to
> exercise due care to avoid exposing longshoremen to harm from
> hazards they may encounter in areas, or from equipment, under
> the active control of the vessel during the stevedoring
> operation; or (4) does not intervene where the vessel knew of a
> defect creating unreasonable risk of harm to the longshoreman,

9

and the stevedore could not reasonably be expected to remedy the situation.

*Id.* at 1286-87 (citation and internal quotation marks omitted).

Mello fails to meet any of these requirements.  Although Mello alleges that the Barge and either Saltchuk or YB were negligent in their offloading of the Bull from the Barge onto the pier, FAC ¶¶ 73-78, Mello has failed to plead any facts that would support such a negligence claim against these Defendants. And although Mello alleges in Count II that the Barge Defendants had a duty to inspect the method by which the cargo would be discharged, Mello has failed to plead any facts showing that the Barge Defendants breached this duty, or that such a breach caused Mello's injuries.

In response, Mello argues for an extension of *Scindia Steam Navigation Co. v. De Los Santos*, 451 U.S. 156 (1981), in which the Supreme Court held that a shipowner had a duty to intervene where it had knowledge that a defective winch attached to the vessel posed an unreasonable risk to longshoremen. *Id.* at 175-76.  But *Carpenter v. Universal Star Shipping, S.A.*, 924 F.2d 1539 (9th Cir. 1991), explained that in order for a vessel to have a duty to intervene, "[i]t is . . . required that a part of the ship itself, the ship's 'gear,' cause the injury." *Id.* at 1543.  Mello has not satisfied this requirement and has thus failed to establish a

basis for a duty to intervene on the part of the Barge. Accordingly, Mello has failed to state a claim against the Barge Defendants under Section 905(b).

## C.    No Supplemental Jurisdiction

Because Mello has failed to state a claim against any of the Defendants that arises under admiralty law or under a federal statute, this court has no supplemental jurisdiction over Mello's state law claims against the Ranch Defendants. *See* 28 U.S.C. § 1367(a).

## V.    CONCLUSION

For the reasons stated above, the court GRANTS the Ranch Defendants' Motion and DISMISSES Plaintiff's First Amended Complaint without leave to amend. At the October 3, 2016 hearing, the court offered Plaintiff the opportunity to amend the complaint, but Plaintiff elected not to attempt

///

///

///

///

///

amendment.  The Clerk of the Court shall close the case file.

IT IS SO ORDERED.

DATED:  Honolulu, HI, October 4, 2016.



 /s/ J. Michael Seabright
J. Michael Seabright
Chief United States District Judge

*Mello v. Young Bros., Ltd., et al.*, Civ. No. 15-00222 JMS-KSC, Order Granting Defendants Levi
C. Rita dba Lazy L Ranch, and Shelby Rivera's Motion to Dismiss First Amended Complaint,
ECF No. 42